# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Plaintiff, <br><br> v. <br><br> DONA SHORES, <br><br> Defendant. | Case No.  1:19-cv-01113-NONE-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> ORDER VACATING JUNE 10, 2020 HEARING <br><br> (ECF No. 14) <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

National Union Fire Insurance Company of Pittsburgh, PA ("Plaintiff") filed this action against Dona Shores ("Defendant") on August 15, 2019, alleging fraud, breach of fiduciary duty, and unjust enrichment due to the embezzlement of funds from the Visalia Public Cemetery District ("the Cemetery District"). (ECF No. 1.)  Defendant was personally served on October 9, 2019. (ECF No. 5.)  On November 26, 2019, at the request of Plaintiff, default was entered against Defendant. (ECF Nos. 9, 10.)  Currently before the Court is Plaintiff's motion for default judgment, filed March 17, 2020, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. *See* Local Rule 230(g).  Accordingly, the previously scheduled hearing set on June

10, 2020 will be vacated and the parties will not be required to appear at that time.

# I.

# LEGAL STANDARD

"Our starting point is the general rule that default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b). Federal Rule of Civil Procedure 55(b)(2) provides the framework for the Court to enter a default judgment:

> (b) Entering a Default Judgment.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Fed. R. Civ. P. 55.

Entry of default judgment is not a matter of right and is within the discretion of the court. PepsiCo, Inc. v. California Security Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002); Shanghai Automation Instrument Co. v. Kuei, 194 F.Supp.2d 995, 999 (N.D. Cal. 2001); Eitel, 782 F.2d at 1471. The Ninth Circuit has set forth the following seven factors (the "Eitel factors") that the

Court may consider in exercising its discretion to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

Generally, once default has been entered, "the factual allegations of the complaint, except those relating to damages, will be taken as true." Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008). Additionally, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citation omitted). The relief sought must not be different in kind or exceed the amount that is demanded in the pleadings. Fed. R. Civ. P. 54(c).

## II.

## DISCUSSION

Plaintiff seeks default judgment for actual damages totaling $1,342,387.00 and post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a).

### A.  Jurisdiction

Initially, the Court considers whether it has jurisdiction in this action. Plaintiff brought this action pursuant to 28 U.S.C. § 1332. District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations

1  omitted).

2  Plaintiff is a Pennsylvania corporation with its principal place of business at 175 Water
3  Street, New York, New York. (Compl. ¶ 4.) A corporation is deemed to be a citizen of any
4  State by which it has been incorporated and of the State where it has its principal place of
5  business. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)).
6  Plaintiff is a citizen of Pennsylvania and New York.

7  Defendant is alleged to be a resident of Lindsay, California, at all times relevant to the
8  complaint. (Compl. ¶ 5.) Defendant worked for the Cemetery District in and around Tulare
9  County. (Id.) Absent an attack to the allegations in the complaint, the allegations of citizenship
10 are accepted as true. NewGen, LLC, 840 F.3d at 610. Defendant is a citizen of California.

11 As Plaintiff is a citizen of Pennsylvania and New York and Defendant is a citizen of
12 California, complete diversity of citizenship exists.

13 The amount in controversy in the is action is over $1.3 million dollars (Assignment and
14 Release, ECF No. 1-1.), so the jurisdictional requirement is met. The Court finds that it has
15 subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

16 **B.     Procedural Requirements**

17 "A default judgment may be entered against a minor or incompetent person only if
18 represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed.
19 R. Civ. P. 55. Plaintiff has submitted a declaration stating that Defendant is not an infant nor an
20 incompetent person. (Decl. of Katherine A. Mushbach ("Mushbach Decl.") ¶ 13, ECF No. 14-
21 1.) Further, Plaintiff has established that Defendant is not currently serving in the military. (Id.;
22 Status Report Pursuant to Servicemembers Civil Relief Act, ECF No. 1 at 11.)

23 Service of the summons and complaint is the procedure by which a court having venue
24 and jurisdiction of the subject matter of the suit obtains jurisdiction over the person being served.
25 Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444–45 (1946); see Direct Mail
26 Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A
27 federal court does not have jurisdiction over a defendant unless the defendant has been served
28 properly under Fed. R. Civ. P. 4."). Plaintiff was personally served with the summons and

complaint in this action on October 9, 2019, at the Tulare County Courthouse. (ECF No. 5.) Personal service was proper under Rule 4. Fed. R. Civ. P. 4(e)(2)(A). The Court has jurisdiction over Defendant.

Default was entered against defendant on November 26, 2019. (ECF No. 10.)

### C. Consideration of the Eitel Factors

For the reasons discussed below, the Court finds that consideration of the Eitel factors weigh in favor of granting default judgment for Plaintiff.

#### 1. The Possibility of Prejudice to Plaintiff

The Court first considers whether a plaintiff will suffer prejudice if a default judgment is not entered. Denying default judgment here would deprive Plaintiff of a proper remedy. See Pepsico, Inc., 238 F.Supp.2d at 1177 (stating plaintiffs would have no other recourse for recovery if default judgment was not granted). Plaintiff alleges that Defendant embezzled approximately $1.3 million dollars which they were required to cover due to her employer's insurance policy. Denial of a remedy is unwarranted given that Plaintiff has been required by the insurance policy to cover the losses incurred due to Defendant's misconduct. As the facts in the complaint are deemed true, see Geddes, 559 F.2d at 560, the Court finds that Plaintiff would suffer prejudice if default judgment is not entered.

#### 2. The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint

The next relevant Eitel factors include an evaluation of the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. This requires the Court to look to the complaint to determine if the allegations contained within are sufficient to state a claim for the relief sought. Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). "[Although] the factual allegations of [the] complaint together with other competent evidence submitted by the moving party are normally taken as true . . . this Court must still review the facts to insure that the Plaintiffs have properly stated claims for relief." Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F.Supp.2d 916, 920 (C.D. Cal. 2010)) (quoting Doe v. Qi, 349 F.Supp.2d 1258, 1272 (N.D. Cal. 2004)). "[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support

the judgment." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (finding it error to award default judgment where the complaint was insufficient to state a claim).

In determining whether the complaint states a claim, the Court considers the standards used in deciding a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In the complaint, Plaintiff alleges claims for fraud, unjust enrichment, and breach of fiduciary duty. The complaint alleges that Defendant fraudulently embezzled $1,302,172.00 from the Cemetery District. (Compl. ¶ 1.) At all times relevant to the complaint, Defendant worked for the Cemetery District. (Id. ¶ 5.) She was an employee from 1996 until she was terminated in 2016. (Id. ¶ 9.) As the district manager, Defendant was responsible for receiving payments, recording the receipt payments, preparing bank deposits, making bank deposits, and preparing financial statements. (Id. ¶ 10.) From around July 2011 to June 2016, Defendant fraudulently embezzled funds by submitting falsified deposit and financial records to reflect only the funds deposited rather than the actual funds collected. (Id. at ¶ 1, 11.) Defendant knowing hid the actual amount of the funds collected for her own personal gain. (Id. ¶ 12.) The fraud was discovered in August 2016. (Id. ¶ 14.)

The Cemetery District is a member of a risk sharing pool for public entities in California, Golden State Risk Management Authority ("GSRMA"). (Id. at ¶ 2.) Plaintiff insured CSAC

Excess Insurance Authority and it's insured GSRMA. (Id.) In accordance with the terms of an insurance policy, Plaintiff reimbursed CSAC for the losses related to the fraud. (Id. at ¶ 3.) Upon reimbursing CSAC, Plaintiff received a release and reassignment of rights to recover the losses. (Id.; Assignment and Release, ECF No. 1-1.) The release provides that Plaintiff has been assigned "all rights, claims, title and interest which the Insured now has or may hereafter have, against any person or persons, including Donna Shores . . . against which the Insured may make a claim for reimbursement" for the claim payment. (Assignment and Release.) Plaintiff, as subrogee of CSAC and GSRMA and assignee of their rights against Defendant for the losses caused by her fraud and embezzlement, brings this action to recover the loss incurred.

The Court applies the substantive law of California to Plaintiff's claims in this diversity action. Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001).

**a.  Fraud**

"[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985)). The Federal Rules of Civil Procedure require that allegations of fraud must state "with particularity the circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b). This requires that when a claim of fraud is made, "the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." Vess, 317 F.3d 1097, 1103 (9th Cir. 2003) (internal punctuation and citations omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Vess, 317 F.3d at 1105 (citations omitted). Here, the complaint alleges that Defendant was the

district manager and was responsible for receiving and recording payments and making the bank deposits. She also prepared financial reports for the Cemetery District. Defendant was compensated to loyally perform her duties and obligations. From July 2011 to June 2016, Plaintiff used her position as district manager to embezzle cash receipts and falsified deposit and financial records to reflect amounts that were deposited rather than the actual funds that were received. Plaintiff made misrepresentations as to the amount of the funds that were actually collected to deceive and defraud the Cemetery District of the actual funds collected. The Cemetery District reasonably and justifiably relied on Defendant's misrepresentations and sustained damages as result.

Plaintiff has alleged that Defendant knowingly submitted fraudulent documents misreporting the funds that were received by the Cemetery District and kept the underreported funds for her own benefit. The Cemetery District relied on her representations and was damaged due to the funds that were stolen by Defendant. Accepting these facts as true, Plaintiff has sufficiently alleged a claim for fraud.

### b.   Unjust Enrichment

California courts are split on whether unjust enrichment is a cause of action or is just a theory of recovery. ESG Capital Partners, LP v. Stratos, 828 F.3d 1023, 1038 (9th Cir. 2016); O'Grady v. Merch. Exch. Prods., Inc., 41 Cal.App.5th 771, 791 (2019), reh'g denied (Nov. 26, 2019), review denied (Jan. 29, 2020). Although California case law is unsettled on the availability of unjust enrichment as a cause of action, the Ninth "Circuit has construed the common law to allow an unjust enrichment cause of action through quasi-contract." ESG Capital Partners, LP, 828 F.3d at 1038 (citing Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015)).

Generally, one who is unjustly enriched at the expense of another is required to make restitution." Prof'l Tax Appeal v. Kennedy-Wilson Holdings, Inc., 29 Cal.App.5th 230, 238 (2018), review denied (Feb. 27, 2019). To state a claim for unjust enrichment under California law, a plaintiff must demonstrate that the defendant received and unjustly retained a benefit at the expense of the plaintiff. ESG Capital Partners, LP, 828 F.3d at 1038 (9th Cir. 2016) (citing

Lectrodryer v. Seoulbank, 77 Cal.App.4th 723, 726 (2000); Prof'l Tax Appeal, 29 Cal.App.5th at 238).

Defendant was being compensated by the Cemetery District to loyally perform her duties and obligations which included following the Cemetery District policies and standards and to faithfully administer and enforce their financial procedures.  This included depositing all funds into the Cemetery District's bank account and otherwise protecting the Cemetery District's interests.  Defendant stole funds belonging to the Cemetery District by submitting fictitious deposit and financial records for the funds that were deposited and stealing the funds for her own benefit.  Defendant was not entitled to the funds and retained them unjustly to the detriment of the Cemetery District.

The Cemetery District, as the victim of the fraud, is entitled to recover the payments that Defendant unjustly obtained through her fraud.  As the subrogee and assignee of the Cemetery District's claims against Defendant, Defendant is liable to Plaintiff for the loss that was paid on the Cemetery's insurance claim under the policy.  Plaintiff contends that it would be inequitable for Defendant to retrain the benefits and profits that she received from the falsified deposits.

The allegations in the complaint are sufficient to demonstrate that Defendant unjustly received a benefit by stealing the funds that belonged to the Cemetery District.  Plaintiff has stated a claim for unjust enrichment.

Alternately, Plaintiff's allegations of fraud which resulted in Defendant's unjust enrichment would state a claim under quasi-contract.[1]  See Astiana, 783 F.3d at 762 (Where there is "a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request[,]" "[t]he return of that benefit is the remedy 'typically sought in a quasi-contract cause of action.' "  "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.' ").

---

[1] "[I]t is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." Lance Camper Mfg. Corp. v. Republic Indem. Co., 44 Cal. App. 4th 194, 203 (1996).  Here, there are no allegations in the complaint that would indicate that Defendant has an express employment contract that would cover the conduct at issue here.

c. **Breach of Fiduciary Duty**

"The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." IIG Wireless, Inc. v. Yi, 22 Cal.App.5th 630, 646 (2018) (quoting Mosier v. Southern Cal. Physicians Ins. Exchange, 63 Cal.App.4th 1022, 1044 (1998); accord Oasis W. Realty, LLC v. Goldman, 51 Cal.4th 811, 820 (2011).

The complaint alleges that Defendant owed a fiduciary duty to the Cemetery District due to her position as district manager. Not every employee owes a fiduciary duty to their employee, but "[c]orporate directors and officers typically are deemed to owe fiduciary duties" "and non-officers also have been found to owe fiduciary duties if they participate in management." Les Fields/C.C.H.I. Ins. Servs. v. Hines, No. 15-CV-03728-MEJ, 2016 WL 6873459, at *14 (N.D. Cal. Nov. 22, 2016). Under California law, it is generally recognized that corporate officers and directors have a fiduciary duty to the organization. GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc., 83 Cal.App.4th 409, 419 (2000), as modified (Sept. 14, 2000), as modified on denial of reh'g (Sept. 26, 2000), and disapproved of on other grounds by Reeves v. Hanlon, 33 Cal. 4th 1140 (2004). In considering whether the officer or director owes a fiduciary duty, courts consider whether the officer has discretionary management control of the operation. Id. at 420. As long as the officer has some discretion in managing the corporation, he or she is a fiduciary of the organization. Id. at 21. But a nominal officer with no management control is not a fiduciary of the organization. Id. "[A]t least one California court has found fiduciary obligations from a "managerial" employee to an employer." James v. Childtime Childcare, Inc., No. CIV.S-06-2676 DFL DA, 2007 WL 1589543, at *3 (E.D. Cal. June 1, 2007),

Here, Plaintiff was the director of the Cemetery District. Plaintiffs allege that as the director, Defendant in a managerial position with unique control over the Cemetery District's finances and financial reporting. Liberally construing Plaintiff's complaint at the pleading stage, the Court finds that Defendant's position as director of the Cemetery District creates a reasonable inference that she owed a fiduciary duty. See James, 2007 WL 1589543, at *3 (finding fiduciary duty where employee was director of the childcare center); Otsuka v. Polo Ralph Lauren Corp.,

1  No. C 07-02780 SI, 2007 WL 3342721, at *3 (N.D. Cal. Nov. 9, 2007) (construing claim that
2  sales associate breached fiduciary duty by using fictitious customer names to improperly allow
3  former employee to use merchandise credits for purchases and permitting non-employees to
4  benefit from his employee discount as a duty of loyalty[2]).

5  The Court finds that at the pleading stage, Plaintiff has stated a claim for breach of
6  fiduciary duty.

### d. Conclusion

Plaintiff's complaint contains sufficient factual allegations to state a claim for fraud, unjust enrichment, and breach of fiduciary duty. The factors of evaluation of the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself weigh in favor of granting default judgment.

### 3. The Sum of Money at Stake in the Action

"[This] Eitel factor examines the amount of money at stake in relation to the seriousness of a defendant's conduct." Wecosign, Inc. v. IFG Holdings, Inc., 845 F.Supp.2d 1072, 1082 (C.D. Cal. 2012) (quoting Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1060 (N.D. Cal. 2010)). "This requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." Landstar Ranger, Inc., 725 F.Supp.2d at 921. The court evaluates the amount at stake since default judgments are disfavored where the amount in controversy "is too large or unreasonable in light of [the] defendant's actions." Bd. of Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. GS Air Conditioning, Inc., No. CV-1002194-GAFF-MOX, 2010 WL 11597949, at *6 (C.D. Cal. Oct. 28, 2010) (quoting Truong Giang Corp. v. Twinstar Tea Corp., 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). In determining if the amount at stake is reasonable the court considers the declarations, calculations, and other documentation of damages attached to Plaintiff's motion. Id.

In this instance, Plaintiff is seeking to recover the amount of funds that were embezzled

---

[2] Employees do owe a duty of loyalty to their employer which is akin to a fiduciary duty. In re Brocade Commc'ns Sys., Inc. Derivative Litig., 615 F.Supp.2d 1018, 1037 (N.D. Cal. 2009). The Court has considered whether this claim could be construed as a claim for a breach of loyalty, but California courts have only applied the cause of action for a duty of loyalty "in the context of an employee transferring his loyalty from his employer to a competing business by using or disclosing confidential information." Id. at 150.

by Defendant and the costs incurred in investigating Defendant's fraud, less the policy deductible. Plaintiff commissioned a forensic review to quantify the amount of loss that was incurred due to Defendant's embezzlement. Generally, this consisted of reviewing records to determine the revenue that should have been received and comparing this to the amount of deposits for the subject years. The forensic review determined that there were $1,302,172 in diverted cash payments during the claimed fiscal years and the Cemetery District incurred expenses of $65,215.00. Plaintiff is seeking the amount of loss and expenses incurred, less the $25,000 deductible. While, the amount of money sought is significant, it is directly proportional to the losses that were incurred due to Defendant's misconduct. The sum at money at stake in this action weighs in favor of granting default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

The fifth Eitel factor considers the possibility that there may be material facts in dispute. Pepsico, Inc., 238 F.Supp.2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." Wecosign, Inc., 845 F.Supp.2d at 1082.

In this action, Plaintiffs have filed a well-pleaded complaint stating a claim for fraud and unjust enrichment, as detailed above. The Clerk of the Court has entered default; and therefore, the factual allegations, other than those relating to damages, in the complaint are taken as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987); Pepsico, Inc., 238 F.Supp.2d at 1177.

Plaintiff has submitted evidence of the loss in form of a memorandum from Cindy Summers who initially discovered the discrepancies in balancing receipts and a bank deposit and the declaration from Peter Fogarty who reviewed the Cemetery District's records for the years at issue and determined the amount of loss. Defendant has not appeared to challenge the accuracy of the allegations included in the complaint. There is little possibility that a factual dispute exists that would preclude the entry of default judgment. This factor weighs in favor of granting default judgment.

///

### 5. Whether the Default was Due to Excusable Neglect

The sixth <u>Eitel</u> factor considers whether defendant's default may have been caused by excusable neglect. <u>Pepsico, Inc.</u>, 238 F.Supp.2d at 1177; <u>see</u> also <u>Eitel</u>, 782 F.2d at 1471–72. "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." <u>Wecosign, Inc.</u>, 845 F.Supp.2d at 1082.

The chance that Defendant's failure to respond was due to excusable neglect is remote. Defendant was personally served with the complaint and summons in this action so received notice of the suit and the allegations included within. Further, when Defendant failed to respond in this action, Plaintiff contacted Defendant's criminal defense attorney to attempt to ascertain Defendant's status in this action. (Mushbach Decl. ¶¶ 8, 9.) Defendant has failed to file an answer or otherwise respond to the complaint. It is highly unlikely that the failure to respond was due excusable neglect rather than an affirmative decision not to oppose this action. This factor weighs in favor of granting default judgment.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

In <u>Eitel</u>, the Ninth Circuit admonished that, "[c]ases should be decided on the merits whenever reasonably possible." <u>Eitel</u>, 782 F.2d at 1482. While cases should be decided on the merits whenever possible, a defendant's failure to answer the complaint "makes a decision on the merits impractical if not impossible." <u>PepsiCo., Inc.</u>, 238 F.Supp.2d at 1177. Here, Defendant has not defended this action despite having the opportunity to do so. Since Defendant has failed to respond to the complaint in this action, this factor does not preclude the entry of default judgment.

### 7. The Eitel factors Weigh In Favor of Granting Default Judgment

Balancing the factors, the Court concludes that the factors weigh in favor of entering default judgment in this instance. Accordingly, the Court recommends that the motion for default judgment be granted.

### D. Damages

Since the court has found that the allegations in the complaint are sufficient to establish

1  liability, it next must determine the "amount and character" of the relief that should be awarded.
2  Landstar Ranger, Inc., 725 F.Supp.2d at 920.  Under the Federal Rules of Civil Procedure
3  Plaintiff's demand for relief must be specific, and Plaintiff "must 'prove up' the amount of
4  damages." Id. at 923 (citations omitted).  The damages sought cannot "differ in kind from, or
5  exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).  "[D]efault
6  judgment for money may not be entered without a hearing unless the amount claimed is a
7  liquidated sum or capable of mathematical calculation." Davis v. Fendler, 650 F.2d 1154, 1161
8  (9th Cir. 1981) (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (CA5 1979)).
9  Default judgment may be entered without a hearing where the plaintiff submits documentary
10 evidence showing that the amount sought in damages is based on a definite figure.  Davis, 650
11 F.2d at 1161.

12    Plaintiff seeks judgment in the amount of $1,342,387.00 which includes the
13 $1,302,172.00 that was misappropriated by Defendant and $65,215.00 in expenses that were
14 incurred in investigation, less the $25,000.00 deductible.  Plaintiff also seeks post judgment
15 interest from the date of entry of judgment pursuant to 28 U.S.C. § 1961(a).

16    Mr. Fogarty was retained by Plaintiff to quantify the amount that Defendant embezzled
17 from the Cemetery District.  (Mushbach Decl. ¶ 3.)  Mr. Fogarty reviewed the Cemetery
18 District's financial records for the fiscal years ending Jun 30, 2012, 2013, 2014, 2015, and 2016.
19 (Decl. of Peter Fogarty in Support of Pl.'s Mot. for S.J ("Fogarty Decl.") ¶ 4, ECF No. 14-2.)  To
20 determine the actual loss that was incurred, Mr. Fogarty first quantified the total expected
21 revenue for each year by comparing the Cemetery District's interment authorizations, certificates
22 of burial rights, handwritten receipts and internal TREES reports for each year.  (Id. ¶ 5.)  He
23 then quantified the total check and credit card deposits for each year and subtracted the total
24 deposits from the expected revenue.  (Id. ¶¶ 5, 6.)

25    Upon his review, Mr. Fogarty determined that actual cash deposits were less than the
26 expected cash deposits for each year as follows: a) fiscal year 2012, $193,060; b) fiscal year
27 2013, $247,339; c) fiscal year 2014, $246,930; fiscal year 2015, $260,735; and fiscal year 2016,
28 $354,108.  (Id. ¶ 7.)  Based on his forensic review of the financial records, Mr. Fogarty

determined that the Cemetery District sustained a loss of $1,302,172.00 in diverted cash payments during the claimed fiscal years. (Id.) Mr. Fogarty also determined that the Cemetery District has incurred expenses of $65,215.00 in the retention of a forensic accountant and legal counsel to investigate the misappropriation of funds. (Id. ¶ 8.) This makes the total loss plus expenses to investigate the loss at $1,367,387. Plaintiff has reduced this amount by the $25,000 deductible and is seeking $1,342,387 in this action.

Plaintiff has submitted evidence to demonstrate that the amount of damages in this action due to Defendant's embezzlement is $1,342,387.

"It is settled that even in diversity cases '[p]ost-judgment interest is determined by federal law.' " Northrop Corp. v. Triad Int'l Mktg., S.A., 842 F.2d 1154, 1155 (9th Cir. 1988) (citations omitted). Under 28 U.S.C. § 1961, post-judgment interest is mandatory on a district court judgment. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 290 (9th Cir. 1995). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.A. § 1961(a).

The Court recommends that damages be awarded in the amount of $1,342,387 with post-judgment interest on the entire award from the date default judgment is entered calculated at the applicable statutory rate.

### III.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment, filed March 17, 2020, be GRANTED; and
2. Default judgment be entered in favor of Plaintiff and against Defendant Shores in the amount of $1,342,387.00 with post-judgment interest on the entire award from the date judgment is entered calculated at the applicable statutory rate.

IT IS HEREBY ORDERED that the June 10, 2020 hearing is VACATED and the parties need not appear on June 10, 2020.

1    This findings and recommendations is submitted to the district judge assigned to this
2 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**
3 **(14) days** of service of this recommendation, any party may file written objections to this
4 findings and recommendations with the court and serve a copy on all parties.  Such a document
5 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The
6 district judge will review the magistrate judge's findings and recommendations pursuant to 28
7 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified
8 time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th
9 Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 3, 2020**

UNITED STATES MAGISTRATE JUDGE