1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | Case No.  1:19-cv-01113-DAD-SAB |
| Plaintiff, | ORDER VACATING OCTOBER 21, 2020 HEARING AND GRANTING PLAINTIFF'S MOTION FOR ORDER APPROVING ALTERNATE SERVICE |
| v. | |
| DONA SHORES, | (ECF No. 20) |
| Defendant. | |

11
12
13
14
15
16
17

Currently before the Court is a motion for an order approving alternate service of the order granting Plaintiff's motion for default judgment which was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court, having reviewed the record, finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing set on October 21, 2020, will be vacated and the parties will not be required to appear at that time.

18
19
20
21
22
23

**I.**

**BACKGROUND**

24
25

National Union Fire Insurance Company of Pittsburgh, PA ("Plaintiff") filed this action against Dona Shores ("Defendant") on August 15, 2019, alleging fraud, breach of fiduciary duty, and unjust enrichment due to the embezzlement of funds from the Visalia Public Cemetery

26
27
28

1

District ("the Cemetery District").  (ECF No. 1.)  Defendant was personally served with the summons and complaint on October 9, 2019.  (ECF No. 5.)  On November 26, 2019, at Plaintiff's request, the Clerk of the Court entered default against Defendant.  (ECF Nos. 9, 10.)

Plaintiff filed a motion for default judgment on March 17, 2020.  (ECF No. 14.)  On June 3, 2020, the undersigned issued findings and recommendations recommending granting the motion for default judgment.  (ECF No. 15.)  On June 26, 2020, an order was filed requiring Plaintiff to file proof of service of the findings and recommendations on Defendant Shores.  (ECF No. 16.)  On June 29, 2020, Plaintiff filed a proof of service showing that Plaintiff had been served by United States mail and that her criminal attorney had been served with a copy of the findings and recommendations.  (ECF No. 17.)

On July 23, 2020, District Judge Dale A. Drozd adopted the findings and recommendations, and Plaintiff's motion for default judgment was granted.  (ECF No. 18.)  Judgment was entered in favor of Plaintiff and against Defendant.  (ECF No. 19.)  On August 28, 2020, Plaintiff filed a notice of due diligence regarding the efforts to serve Defendant with the default judgment in this matter.  (ECF No. 19.)

On August 28, 2020, Plaintiff filed a motion for an order approving alternate service.  (ECF No. 20.)

**II.**

**DISCUSSION**

In the July 23, 2020 order adopting the finding and recommendations and granting the motion for default judgment, Plaintiff was ordered to personally serve a copy of the order on the defendant and to provide a copy of the order to her defense attorney in the pending state criminal case.  By the instant motion, Plaintiff seeks an order approving the alternative service upon Defendant based on the futile efforts to personally serve her with the order adopting and entering judgment in this matter..

After the summons and complaint have been served in an action, service is governed by Rule 5 of the Federal Rules of Civil Procedure.  Initially, Rule 5 provides that no service is required on a party who is in default for failing to appear.  Fed. R. Civ. P. 5(a)(2).  Similarly,

Rule 55 of the Federal Rules of Civil Procedure only require notice of the motion for default judgment where the party has made an appearance in the action.  In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Here, Plaintiff was personally served with the summons and complaint, so it is undisputed that she had notice of this action, but that she has failed to appear.

As relevant here, Rule 5 provides that certain papers, including those ordered to be served, are served by –

> (A) handing it to the person;
> (B) leaving it:
> . . .
> . . . at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
> (C) mailing it to the person's last known address--in which event service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address. . . .

Fed. R. Civ. P. 5(b)(2).

On July 23, 2020, Plaintiff was ordered to personally serve Defendant with the order entering default judgment in this matter.  (ECF No. 18.)  On this same date, Plaintiff provided a copy of the order to Defendant's criminal defense attorney by email and FedEx delivery to his office.  (ECF No. 19.)  On July 26, 2020, at 4:15 p.m. service was attempted at 24207 Lomitas Dr., Woodlake, California, Plaintiff's last known address.  (Decl. of Due Diligence, ECF No. 19-1.)  The process server spoke with an individual at the address who indicated that Defendant was the mother-in-law of another person who lived at the address and she only uses the address to receive mail.  (Id.)  He did not provide any forwarding information.  (Id.)

On August 1, 2020, at 11:29 a.m., the process server returned but the property was gated and fenced with unrestrained dogs.  (Id.)  He honked but there was no response.  (Id.)  On August 3, 2020, at 6:15 p.m., the process server returned with the same result.  (Id.)

Plaintiff hired Nationwide Legal to provide additional services to locate Defendant. Based on the investigation, it was determined that Defendant was now residing at 1690 S. Anderson Road, Exeter, California.  On August 12, 2020, a process service went to the residence and noted a trailer home with several vehicles parked around the property.  (Decl. of Due Diligence, ECF No. 20-1.)  At 1:30 p.m., a vehicle arrived at the property and the process server

approached the female who exited the vehicle.  (Id.)  The female was asked if Defendant was at the residence and was informed that Defendant was sick and currently hospitalized and it was unknown when she would be released from the hospital.  (Id.)  She did not provide the location of the hospital or any other information.  (Id.)

The process service returned to 1690 S. Anderson Road on August 25, 2020, at 10:00 a.m. and watched the property.  (Decl. of Due Diligence, ECF No. 20-2.)  By noon, there had been no activity on the site, so he approached the residence and knocked on the door.  (Id.)  A female answered the door who refused to identify herself or provide any information about where Defendant was.  (Id.)  The order adopting the findings and recommendations and granting Plaintiff's motion for default judgment was left with the female.  (Id.)  A copy of the documents were mailed by first class mail to Defendant at 1690 S. Anderson Road, Exeter, California 93221.  (ECF No. 20-1.)

On September 2, 2020, a copy of the order adopting the findings and recommendations and granting Plaintiff's motion for default judgment was sent by FedEx to Defendant at her mailing address, 24207 Lomitas Dr., Woodlake, California 93286.  (ECF No. 20-3.)

Under California law, "to demonstrate 'reasonable diligence,' the plaintiff must show that it 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.' "  Dakavia Mgmt. Corp. v. Bigelow, No. 1:20-CV-00448-NONE-SKO, 2020 WL 2112261, at *2 (E.D. Cal. May 4, 2020) (quoting Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 333 (1978)).  Courts look to the attempts that were made to effect service and the effort made by the serving party to locate the party to be served.  See Dakavia Mgmt. Corp., 2020 WL 2112261, at *2 ("Plaintiffs have not demonstrated any effort to discover whether LTC has a different business address or other address for service and have not shown that they attempted to search for officers and other agents of the corporation to serve."); Minden Pictures, Inc. v. Interpac Yachts, Inc., No. 20-CV-739-WQH-BLM, 2020 WL 5363304, at *2 (S.D. Cal. Sept. 8, 2020) (due diligence demonstrated where three attempts were made to serve at address registered with secretary of state and attempts were made to locate other addresses); compare Hurtado Lucero v. IRA Servs., Inc., No. 18-CV-05395-LB, 2019 WL 2123576, at *3 (N.D. Cal. May 15,

2019) (finding that running skip-trace searches of the party and his spouse and hiring a private investigator to find the physical addressed linked with his P.O. box does not show that the serving party has exhausted the "myriad of other avenues" that may be available for locating the party to be served).  In determining whether a party has used reasonable diligence in attempting to serve a summons and complaint, courts find that "[o]rdinarily, ... two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."  Cromwell v. Certified Forensic Loan Auditors, No. 17-CV-02429-DMR, 2019 WL 1095837, at *5 (N.D. Cal. Jan. 10, 2019), report and recommendation adopted, No. C 17-02429 SBA, 2019 WL 2181969 (N.D. Cal. Feb. 12, 2019) (quoting Espindola v. Nunez, 199 Cal.App.3d 1389, 1392 (1988) (quotations omitted)).

    In this instance, Plaintiff attempted personal service three times at the Lomitas Dr. address, on July 26, 2020; August 1, 2020; and August 3, 2020.  Having learned that Defendant did not reside at this address, but this was a mailing address only, Plaintiff hired a legal service to investigate and obtain a current address for Defendant.  On being informed of Defendant's current resident address, attempts were made to personally serve her on August 12, 2020; and August 25, 2020 at the Anderson Road address.  The process server attempted to obtain contact information from the individual at Defendant's mailing address and her current residence without any success.  Further, copies of the order adopting the findings and recommendations were left at Defendant's current residence, sent to Defendant's criminal defense attorney and her mailing address by FedEx, and mailed to her current residence by first class mail.  Under these circumstances, the Court finds that Plaintiff has demonstrated due diligence in attempting to effect personal service on Defendant and Plaintiff has satisfied its obligation to personally serve Defendant in this action with the order granting Plaintiff's motion for default judgment.

    Accordingly, IT IS HEREBY ORDERED that

1.    The October 21, 2020 hearing on Plaintiff's motion for an order approving alternate service is VACATED;

2.    Plaintiff's motion for an order approving alternate service of the order granting the motion for default judgment is GRANTED;

3.     Plaintiff is deemed to have satisfied the order requiring personal service of the order granting the motion for default judgment in this action; and

4.     Plaintiff is not required to make any further attempts to serve Defendant Shores.

IT IS SO ORDERED.

Dated:   __**October 7, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE